UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Lisa Maria King, Sally King, | ) | C/A No. 2:24-0335-BHH-MHC |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Carolinas Biofeedback Center (Biofeedback, LLC), Melanie Berry, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed by Plaintiffs Lisa Maria King and Sally King, pro se litigants. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I. BACKGROUND

Plaintiffs assert that Sally King became a patient of Carolinas Biofeedback Center (CBC) on August 23, 2021, "seeking services to analyze her perceived emotional and mental illness through brainwave mapping." Sally King allegedly received a series of tests and "brain training sessions totaling 45, with no relief." ECF No. 1 at 2. Lisa Maria King, Sally King's daughter, states that she holds a valid medical directive letter and limited power of attorney regarding care for her mother.[1] *Id.* at 4. Plaintiffs claim they have requested "medical records, explanations, and proof of care from [CBC] but have faced resistance and hostility." *Id.* at 2. Carolina Biofeedback Center (Biofeedback, LLC) and Melanie Berry, the founder and clinical director of CBC, are named as Defendants.

Plaintiffs contend there is federal question jurisdiction under 28 U.S.C. § 1331 for alleged violations of the Health Insurance Portability and Accountability Act (HIPAA). They also claim

---

[1] Both Plaintiffs signed the Complaint in this action. ECF No. 1 at 6.

violations of North Carolina medical record laws. ECF No. 1 at 3, 5. As relief, Plaintiffs request a court order compelling non-binding arbitration, injunctive relief, and monetary damages. ECF No. 1 at 4-5.

## II.    DISCUSSION

A district court has the power to consider sua sponte whether venue is proper. *See Jensen v. Klayman*, 115 F. App'x 634, 635-36 (4th Cir. 2004). In general, venue is only proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Review of the Complaint reveals that the District of South Carolina does not satisfy any of the subsections of 28 U.S.C. § 1391(b) for venue to be proper in this district. It appears that Defendants are citizens of North Carolina.[2] Although Plaintiffs do not specifically state where the events or omissions giving rise to their claims occurred, it appears that the events occurred in North Carolina. The listed locations for CBC are all in North Carolina. *See* CBC website, https://www.cbfclinic.com/locations (last visited Apr. 26 2024) (listing locations for CBC in Pineville, Davidson, and Charlotte, North Carolina). As noted above, Plaintiffs assert that they have a right to access the medical records under North Carolina law. ECF No. 1 at 3. Plaintiffs

---

[2] Plaintiffs have not listed Defendants' addresses in their Complaint, but Lisa King provided a purported "Certification of Service" in which she listed CBC and Melanie Berry at an address in Pineville, North Carolina. *See* ECF No. 1-2.

2

also have not alleged any facts indicating a basis for the District Court of the District of South Carolina to obtain personal jurisdiction over any of the Defendants. *See ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012) (noting that the plaintiff has the burden to make the prima facie showing of a basis for personal jurisdiction over defendants). Therefore, Plaintiffs have not met the venue requirements of § 1391(b).

A district court has the power to dismiss an action, or if it is in the interest of justice, transfer an action if venue is improper in the transferor court. *See* 28 U.S.C. § 1406(a). A court may also transfer a case to another district where it might be brought "[f]or the convenience of parties and witnesses, in the interests of justice[.]" 28 U.S.C. § 1404(a). In absence of venue, a court has authority sua sponte to transfer under 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen*, 115 F. App'x at 635-36; *see also In re Carefirst of Md., Inc.*, 305 F.3d 253, 255-56 (4th Cir. 2002). In the interests of justice, this case should be transferred to the appropriate federal district court where venue is proper. Indeed, because venue is improper by statute, Plaintiffs' choice of venue is "almost immaterial" to the analysis, and under 28 U.S.C. § 1406(a), if Plaintiffs desire to maintain their action, transfer is "virtually mandated." *Blevins v. Pension Plan*, No. 10-3261, 2011 WL 2670590, at *7 (D.S.C. July 8, 2011).

It appears this action could be brought in the Western District of North Carolina, where Defendants are located; where the alleged acts giving rise to the case occurred; and where, presumably, records and other evidence relevant to this action are maintained. *See* 28 U.S.C. § 1391. Therefore, the appropriate venue in this case appears to be the United States District Court for the Western District of North Carolina. The convenience of the parties and interests of justice are better served by a transfer of venue. *See* 28 U.S.C. §§ 1404(a), 1406(a).

## III. RECOMMENDATION

Based on the foregoing, it is recommended that this action be transferred to the United States District Court for the Western District of North Carolina for further handling.[3]

**Plaintiffs' attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

April 30, 2024
Charleston, South Carolina

---

[3] Because the Court has raised the issue of transfer of venue sua sponte, this Report allows Plaintiffs the opportunity to be heard before a final decision on transfer is rendered. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir.1986); *see also Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 321 (D.S.C.1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999). Plaintiffs' opportunity to file timely objections to the Report is considered to be Plaintiffs' opportunity to be heard under *Feller* before a final decision on transfer is rendered.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. \0 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).